Saul S. Streit, J.
The case of Matter of Fiesta Realty Corp. v. McGoldrick (284 App. Div. 551) is controlling here. The reversal by the Court of Appeals (308 N. Y. 869) was on jurisdictional grounds, without consideration of the merits. In the Court of Appeals, the landlord had pointed out that the conversion of the premises from a boarded np state to occupancy by tenants had taken place between February 1, 1947 and May 1, 1950, and it contended that therefore the premises were not subject to rent control even if the prior use was not a non-housing use. Examination of the briefs in the Appellate Division as well as in the Court of Appeals reveals that, in both courts, the Rent Administrator had admitted that the repairs were finished before May 1, 1950. The Appellate Division opinion (pp. 555-556) expressly recognized that “ ‘ additional housing accommodations created by conversion ’ on or after *644 February 1, 1947, shall * * * be free from controls ”, as well as housing accommodations “ ‘ created by a change from a non-housing to a housing use.’ ” Nevertheless, the holding of that court was that the premises were subject to rent control, and the matter was remitted to the Rent Administrator to fix tire maximum rents. The Appellate Division must have been of the opinion that a change from a boarded up vacant condition to occupied apartments is not a conversion creating additional housing accommodations within the meaning of section 2 (subd. 2, par. [g], cl. [2]) of the rent statute (State Residential Rent Law), unless the change results in a greater number of housing accommodations than the number which had existed before the premises had been boarded up. In Matter of Hutchins (307 N. Y. 78) the property, before it was boarded up, consisted of a one-family dwelling. As the result of alterations made before May 1, 1950, 10 dwelling units were created. This increase in dwelling units may well be what the court had in mind when it said (p. 83): “It is not disputed * * * that such alterations resulted in additional housing-units As there was no greater number of housing accommodations in the case at bar, after the boarding up, than the number which existed before the boarding up, the Appellate Division holding- in the Fiesta case (284 App. Div. 551, supra) is binding upon this court.
The fact that, under the Federal Housing and Rent Act of 1947, accommodations which were not rented from February 1, 1945 to January 31, 1947, ivere decontrolled is of no consequence, for the section of the act which provided for such decontrol (§ 202, subd. [c], par. [3], cl. [B]; 61 U. S. Stat. 197) was omitted from the Housing and Rent Act of 1949. Such accommodations were thus recontrolled by the 1949 statute.
Motion denied and petition dismissed.